UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES COOK,                          )
                                     )
                 Petitioner,         )
                                     )
        v.                           )          No. 2:19-cv-00323-JRS-DLP
                                     )
SMITH Mr.,                           )
                                     )
                 Respondent.         )

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate James Cook petitions for a writ of habeas corpus challenging a prison

disciplinary sanction imposed in disciplinary case number ISF 19-04-0112. For the reasons

explained in this Order, Mr. Cook's habeas petition must be **denied**.

### A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

### B.      The Disciplinary Proceeding

On April 3, 2019, Indiana Department of Correction (IDOC) Investigator Robert Evans

wrote a Report of Conduct charging Mr. Cook with conspiracy to traffic, a violation of the IDOC's

Adult Disciplinary Code offense A-111/113. The Report of Conduct states:

> On 4/2/2019 at approximately 11:00 hours I, Robert Evans Investigator, concluded
> an investigation into trafficking. The investigation determined that Offender
> Donald Sorrell conspired with his wife Edith Sorrell to chemically alter letters
> being mailed into the facility. Edith Sorrell was assisted by Melissa Cook, the wife
> of offender James Cook #881631.
>
> Recorded GTL phone calls indicate Edith Sorrell at the direction and guidance of
> offender Sorrell mailed at least 4 letters. 2 letters were addressed to offender Sorrell.
> One letter was mailed to offender James Cook #881631 and another letter to Devin
> Toole #231530. Putnamville Correctional Facility Investigators Intercepted 3 of the
> 4 letters. All offenders involved did so knowingly and intentionally with knowledge
> the letters would be chemically altered.
>
> Testing was done using a confidential piece of equipment to determine what type
> of contraband had been used to alter the mail. The results of the testing determined
> a chemical was present on all 3 letters. One letter had a chemical make up that
> included Ketamine and a Fentanyl Analog.

Dkts. 2-1 & 12-1.

Investigator Evans also prepared an investigation report that mostly repeated the conduct

report. Dkt. 12-2.

Mr. Cook was notified of the charge on April 10, 2019, when he received the Screening

Report. Dkt. 12-4. He pled not guilty to the charge. *Id.*

A hearing was held on April 12, 2019. Based on the staff reports (the conduct report and

the investigation report), the hearing officer found Mr. Cook guilty of the charged conduct. The

sanctions imposed included a ninety-day earned-credit-time deprivation and a credit class

demotion.

2

Mr. Cook appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 12-6 & 12-7.  He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Three grounds for habeas corpus relief are presented in Mr. Cook's petition. Each will be addressed in turn.

### (1)    Sufficiency of the Evidence

In his first ground for relief, Mr. Cook argues there was insufficient evidence to support the disciplinary charge.[1] Dkt. 2 at 2. He argues that only one of the four letters mailed to the facility tested positive for Ketamine and Fentanyl. Mr. Cook challenges that positive test because there was no laboratory testing done to confirm the facility's analysis, and no tests to indicate any substance on the other letters. Additionally, Mr. Cook argues, no evidence was submitted to show any of the letters were addressed or mailed to him. Finally, Mr. Cook states that while phone recordings were mentioned, none were ever produced. *Id.*

In prison disciplinary cases, challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is *any* evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted) (emphasis added). The "some

---

[1] The Warden argues that Mr. Cook did not clearly present a sufficiency of the evidence argument during his administrative appeals and, therefore, has procedurally defaulted this ground. Dkt. 12 at 6-7. The Court opts to bypass the procedural default question and address the merits of this ground for relief. *See Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010).

3

evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The disciplinary hearing officer considered the conduct report and the investigation report written by Investigator Evans. Dkt. 12-5. These reports alone constitute "some evidence" on which the hearing officer could base his decision. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Mr. Cook's petition does not specifically indicate anything is erroneous in the report of conduct or in the investigation report. Rather, Mr. Cook argues about the lack of other evidence at the hearing to suggest in the absence of the report(s) there is insufficient evidence to sustain his conviction.

The conduct report and investigation report are indeed very cursory, providing little detail as to *how* the investigating officers came to their conclusions. However, the conclusions describe a conspiracy to traffic drugs, dissolved into paper, into the facility using Mr. Cook's wife and another inmate's wife to mail four letters. Dkts. 12-1 & 12-2. The reports assert the interception of three letters, with testing on one of them suggesting the presence of drugs. *Id.* Mr. Cook does not argue what is erroneous in these reports. As noted, he merely argues that more evidence or corroboration was needed. As this habeas corpus case is presented, he is incorrect. The investigator's essentially unrebutted conclusions are "some evidence" that supports the hearing officer's decision and shows that the decision was not arbitrary or completely without a factual basis.

Mr. Cook argues that there was only one test, on one of the four letters, that indicated Ketamine and a Fentanyl analog. He suggests that without a corroborating laboratory report "we

[don't] know for sure" that the test was accurate. Dkt. 2 at 2. He might be correct, but the facility's test is nevertheless some evidence to support the disciplinary charge. *See Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000) (to challenge the reliability of evidence at a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made.").

Finally, Mr. Cook argues there was an absence of evidence – the letters mailed or addressed to him and the telephone recordings were not presented at the hearing. Mr. Cook is incorrect about the letters, as the reports state that one of the four letters was addressed to him. *See* dkts. 12-1 & 12-2. But the failure to present the envelopes or recordings at the hearing, by itself, does not negate that "some evidence" was presented. To evaluate whether the evidence *should* have been presented would be to engage in a re-weighing of the evidence, which is not the Court's role in disciplinary hearing cases. *See Rhoiney*, 723 F. App'x at 348; *Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009). If, on the other hand, the omitted evidence was exculpatory, the analysis would be different. *See Donelson v. Pfister*, 811 F.3d 911, 918 (7th Cir. 2016). The Court would still not re-weigh the evidence, but due process requires the hearing officer to consider the prisoner's offered exculpatory evidence. *Id.* But that is not what happened in this case. The hearing officer had the investigation report which discusses the phone calls and letters. Dkt. 16. There is nothing to suggest that the phone call recordings or the envelopes would have been exculpatory. Indeed, as noted earlier, Mr. Cook does not contend they were exculpatory. He merely argues about their absence from the hearing.

Mr. Cook's first ground for habeas corpus relief is **denied**.

### (2)    Denial of Evidence

In his second ground for relief, Mr. Cook asserts that he requested, in writing, (a) the test results, (b) a "detailed summery of phone records," and (c) the letters or pictures of the letters, all

to be produced at the disciplinary hearing. Dkt. 2 at 2-3. The disciplinary hearing record is not clear on this issue, as the screening officer indicated that Mr. Cook requested evidence, but there are no items of evidence listed on the screening report. Dkt. 12-4. Mr. Cook provides a copy of a "Request for Interview" form that he claims to have sent to the disciplinary office asking for the evidence. Dkt. 2-2. The hearing officer, James Blackburn, by affidavit testifies that during the screening Mr. Cook did not request evidence, and the checked box indicating otherwise was a mistake. Dkt. 12-11 at ¶ ¶ 4-5. He also testifies that the disciplinary office never received Mr. Cook's Request for Interview form, an assertion supported by the lack of IDOC officials' signatures or initials on the form. *Id.* at ¶ 6.

Due process requires prison authorities to provide an inmate access to exculpatory evidence. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011).

The record is not clear that Mr. Cook requested evidence, and it is his burden to show that he did so. But even if he had made a valid request for this evidence, nothing in the record or Mr. Cook's arguments suggest the evidence was exculpatory. The written reports contained a summary of what the phone calls revealed, and Mr. Cook did not dispute the reports. As noted earlier, the drug tests performed on one letter are sufficient to meet the "some evidence" standard, and Mr. Cook has not argued how the envelopes, papers, and lab tests would have been exculpatory. Finally, even if none of the four letters had been addressed to Mr. Cook, which is not what the record shows, *see* dkts., 12-1 & 12-2, that fact would not negate the evidence of conspiracy and thus would not have been exculpatory. Therefore, no due process violation occurred when this evidence was not provided at the hearing. *Meeks*, 81 F.3d at 720. And if any

6

error occurred by these items not being present at the disciplinary hearing, the error was harmless and did not affect the outcome of this hearing. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011) (applying the harmless error doctrine to prison disciplinary hearings).

Habeas corpus relief on ground two is **denied**.

### (3)     Deficiencies in the Disciplinary Hearing Report

Mr. Cook's third ground for relief largely parrots his second ground concerning the absence of telephone recordings, letters, and lab reports. But in this ground he appears to argue that the Disciplinary Hearing Report did not contain any mention of these items.

If Mr. Cook is contending that the report should have contained mention of these items, but did not, his contention is not a federal due process claim. If he contends this is further proof of an insufficiency of the evidence, he is mistaken because the question of whether there is "some evidence" to support the hearing officer's decision is not undermined by the report or its failure to specifically mention these items.

There is no due process requirement that the hearing report itemize in detail what evidence was considered at the hearing. The hearing officer's report reflecting that he reviewed staff reports, which included the investigations report, is sufficient. The report "'need only illuminate the evidentiary basis and reasoning behind the decision." *See Scruggs*, 485 F.3d at 941 (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)).

Habeas corpus relief on ground three is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Cook to the relief he seeks.

Accordingly, Mr. Cook's petition for a writ of habeas corpus is **denied**. This action is dismissed

with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**


Date: 5/19/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Cook
881631
Putnamville Correctional Facility
Electronic Service Participant – Court Only

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov